UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60790-BLOOM/Valle

LOUIS VUITTON MALLETIER,

      Plaintiff,

v.

AAALVSALE.COM, *et al.*,

      Defendants.

_____/

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

      **THIS CAUSE** is before the Court upon Plaintiff's Louis Vuitton Malletier ("Plaintiff"),

Motion for Entry of Final Default Judgment Against Defendants, ECF No. [25] ("Motion"), filed

on May 27, 2021. A Clerk's Default was entered against Defendants on May 21, 2021, ECF No.

[23], as Defendants failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1],

despite having been served. *See* ECF No. [17]. The Court has carefully considered the Motion, the

record in this case, the applicable law, and is otherwise fully advised. For the following reasons,

Plaintiff's Motion is **GRANTED**.

### I.    INTRODUCTION

      Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the

Lanham Act, 15 U.S.C. § 1114; false designation of origin under § 43(a) of the Lanham Act,

15 U.S.C. § 1125(a); cybersquatting under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(d);

common-law unfair competition; and common-law trademark infringement. The Complaint

alleges that Defendants are promoting, advertising, distributing, offering for sale and selling goods

bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's registered

trademarks within the Southern District of Florida through the fully interactive commercial

Internet websites and supporting domains operating under their domain names identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Subject Domain Names"). *See* ECF No. [25] at 16-21.

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (1) deprived Plaintiff of its right to determine the manner in which its trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are goods authorized by Plaintiff; (3) deceived the public as to Plaintiff's association with Defendants' goods and the websites that market and sell the goods; and (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill, as well as the commercial value of Plaintiff's trademarks.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants[1] in an action alleging trademark counterfeiting and infringement, false designation of origin, cybersquatting, common-law unfair competition, and common-law trademark infringement.[2] Plaintiff further requests that the Court (1) enjoin Defendants from producing or selling goods that infringe its trademarks; (2) disable, or at Plaintiff's election, transfer the domain names at issue to Plaintiff; (3) assign all rights, title, and interest, to the domain names to Plaintiff and permanently delist or deindex the domain names from any Internet search engines; (4) permanently cease all services to Defendants in connection with the domain names at issue; and (5) permanently close the domain registration accounts in which the domain names at issue are located.

---

[1] Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" of Plaintiff's Motion, and Schedule "A" of this Order. *See* ECF No. [25] at 16-21.

[2] Louis Vuitton chooses not to seek an award of statutory damages in connection with its claims.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default. . ."). Upon a review of Plaintiff's submissions, it appears there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff.

## II.    FACTUAL BACKGROUND[3]

Plaintiff Louis Vuitton Malletier is the owner of the entire right, title and interest in and to the Louis Vuitton trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 0,297,594 | September 20, 1932 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 18. Luggage and ladies' handbags. |

---

[3] The factual background is taken from Plaintiff's Complaint, ECF No. [1], Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. [25], and supporting evidentiary submissions.

| | | | |
|---|---|---|---|
|  | 1,519,828 | January 10, 1989 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |
|  | 1,770,131 | May 11, 1993 | IC 25. Clothing for men and women, namely, shawls, sashes, scarves; headgear. |
|  | 1,794,905 | September 28, 1993 | IC 16. Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands.<br>IC 25. Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear. |
|  | 1,938,808 | November 28, 1995 | IC 14. Jewelry, watches and straps for wrist watches.<br>IC 24. Travel blankets made of textile. |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14. Watches and straps for wrist watches.<br>IC 16. Catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br>IC 18. Trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attaché cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br>IC 24. Travel blankets<br>IC 25. Shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |

| | | | |
|---|---|---|---|
|  | 2,177,828 | August 4, 1998 | IC 14. Goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches.<br>IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas.<br>IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
|  | 2,181,753 | August 18, 1998 | IC 14. Jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches.<br>IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas.<br>IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
|  | 2,361,695 | June 27, 2000 | IC 25. Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |

| | | | |
|---|---|---|---|
| LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18. Goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, * traveling sets for containing cosmetics and jewelry, * handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
| | 2,399,161 | October 31, 2000 | IC 25. Clothing and underwear, namely, shirts, polo shirts, t-shirts, waistcoats, raincoats, skirts, coats, trousers, dresses, jackets, shawls, stoles, scarves, neckties, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats. |
| | 2,773,107 | October 14, 2003 | IC 14. Jewelry including rings, earrings, cuff links, bracelets, charms, necklaces, and medallions; horological and chronometric instruments and apparatus, namely, watches, <br> IC 18. Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attaché cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather. <br> IC 25. Clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, skirts, raincoats, overcoats, trousers, jeans, pullovers, frocks, highheeled shoes, low-heeled shoes, boots, tennis shoes; hats |
| LOUIS VUITTON | 2,904,197 | November 23, 2004 | IC 14: jewelry, namely, rings, earrings, cuff links, bracelets, charms, necklaces, (( tie pins, and medallions; keyrings made of precious metal; )) horological and chronometric instruments, namely, watches, wrist-watches, (( clocks, )) (( alarm clocks; )) straps for wrist-watches and watch cases. |
| LOUIS VUITTON | 2,909,003 | December 7, 2004 | IC 009. Optical instruments and apparatus, namely, spectacles, eyeglasses, spectacle cases. <br> IC 024. Textiles and textile goods, namely, household linen including bed [ and bath ] linen [, handkerchiefs of textile ]. |

| | | | |
|---|---|---|---|
|  | 3,107,072 | June 20, 2006 | IC 09. Spectacles, sunglasses and spectacle cases.<br>IC 14. Jewelry, namely, rings, earrings and ear clips, cuff links, bracelets, charms, necklaces, tie pins, medallions; horological and chronometric apparatus and instruments, namely, watches, watch cases, alarm clocks; jewelry boxes of precious metal, their alloys or coated therewith.<br>IC 18. Leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, key cases, business card cases, credit card cases; umbrellas.<br>IC 25. Clothing and undergarments, namely, shirts, tee-shirts, belts, scarves, neckties, shawls, skirts, raincoats, overcoats, trousers, denim trousers, dresses, jackets, sashes for wear, bathing suits, shoes, boots. |
|  | 3,576,404 | February 17, 2009 | IC 18: boxes of leather or imitation leather for packaging and carrying goods, trunks, suitcases, traveling sets comprised of matching luggage, traveling bags, luggage, garment bags for travel, ((vanity cases not fitted, )) toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, leather shopping bags, sling bags, suit carriers, shoulder bags, waist bags, purses, travel cases, briefcases, briefcase-type portfolios, leather pouches, wallets, change purses, key cases, business card cases, calling card cases. |

| | | | |
|---|---|---|---|
|  | 4,192,541 | August 21, 2012 | IC 03. Soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish. IC 09. Sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps. IC 14. Jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces. IC 16. Printed matter, namely, pamphlets, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; postcards; paper labels; newspapers; printed documents, namely, printed certificates. IC 18. Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas. IC 24. Textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed covers, textile table cloths. IC 25. Clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear. IC 34. Cigar and cigarette cases of leather and imitation leather. |

| LOUIS VUITTON | 4,530,921 | May 13, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 Players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories. IC 16. Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper. IC 25. Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots. IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |
|---|---|---|---|

| LV | 4,614,736 | September 30, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br>IC 16. Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br>IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |
|---|---|---|---|

*See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶ 4; ECF No. [1-3] (containing Certificates of Registrations for the Louis Vuitton Marks at issue). The Louis Vuitton Marks are used in connection with the manufacture and distribution of high quality luxury goods in the categories identified above. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 4-5.

Case No. 21-cv-60790-BLOOM/Valle

Defendants, through the various fully interactive,[4] commercial Internet websites and supporting domains operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Louis Vuitton Marks.  *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 9-11.

Although each Defendant may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks at issue. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 10-11). Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 9-11.

Plaintiff's representative reviewed and visually inspected each Defendants' Websites, including images reflecting the various items bearing the Louis Vuitton Marks offered for sale by Defendants through the Internet websites operating under the Subject Domain Names, and/or websites to which those domain names either automatically or manually redirect, and determined the products were non-genuine, unauthorized versions of Plaintiff's products. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 10-11.

---

[4] Plaintiff asserts multiple Defendants use some of their Subject Domain Names to act as supporting domain names to direct traffic to their fully-interactive, commercial websites, including those operating under other Subject Domain Names, from which consumers can complete purchases. *See* Declaration of Stephen M. Gaffigan [5-3] at ¶ 2, n.1.

### III. ANALYSIS

#### A. Claims

##### 1. Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

##### 2. False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992).

### 3.  *Cybersquatting Under 15 U.S.C. § 1125(d) (Count III)*

The Anticybersquatting Consumer Protection Act ("ACPA") protects the owner of a distinctive or famous trademark from another's bad faith intent to profit from the trademark owner's mark by registering or using a domain name that is identical or confusingly similar to, or dilutive of, the trademark owner's mark without regard to the goods or services of the parties. *See* 15 U.S.C. § 1125(d). "To prevail under the ACPA, a plaintiff must prove that (1) its mark is distinctive or famous and entitled to protection; (2) the defendant's domain name is identical or confusingly similar to the plaintiff's mark; and (3) the defendant registered or used the domain name with a bad faith intent to profit." *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 F. App'x 252, 256 (11th Cir. 2006) (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

### 4.  *Common-Law Unfair Competition and Trademark Infringement (Counts IV and V)*

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-8381-Civ-Paine, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)")."; *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

### B.  Liability

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. *See* ECF No. [1]. Moreover, the factual allegations in Plaintiff's Complaint has been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C.  Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc*., 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. [1]. Further, the Complaint alleges, and the submissions by Plaintiff show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiff's genuine products and that consumers viewing Defendants' counterfeit goods post-sale would actually confuse them for Plaintiff's genuine products. *See id*. "Defendants' actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods are genuine goods originating from, associated with, and/or approved by Plaintiff." *See* ECF No. [1] at 27.

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Subject Domain Names because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to

Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co*., 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). District courts are expressly authorized to order the transfer or surrender of domain names in an in rem action against a domain name. *See* 15 U.S.C. § 1125(d)(1)(C), (d)(2). However, courts have not limited the remedy to that context. *See, e.g., Philip Morris USA v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 230-31 (S.D.N.Y. 2004) (transferring Yesmoke.com domain name to plaintiff despite the fact that plaintiff did not own a trademark in the term "Yesmoke" and noting that 15 U.S.C. § 1125 "neither states nor implies that an in rem action against the domain name constitutes the exclusive remedy for a plaintiff aggrieved by trademark violations in cyberspace"); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 853 (E.D.

Mich. 2006) (ordering the defendants to disclose all other domain registrations held by them and to transfer registration of a particular domain name to plaintiff in part under authority of 15 U.S.C. § 1116(a)).

Defendants have created an Internet-based counterfeiting scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by disabling or transferring the Subject Domain Names and assigning all rights, title, and interest to the Subject Domain Names to Plaintiff, disabling, de-indexing or delisting the Subject Domain Names from any Internet search engine, permanently ceasing all services to Defendants in connection with the Subject Domain Names, including permanently deleting the Subject Domain Names from its DNS used for the DoH (1.1.1.1), and permanently closing the domain registration accounts in which the Subject Domain Names are located, where they may be disabled from further use as platforms for the sale of counterfeit goods. *See* ECF No. [25] at 13-14.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [25]**, is **GRANTED** against those Defendants listed in the attached Schedule "A." Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 28, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

17

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Defendant / Subject Domain Dame |
|---|---|
| 1 | aaalvsale.com |
| 2 | bestlvbag.com |
| 3 | fakeslouisvuitton.com |
| 4 | gotlouisvuitton.com |
| 5 | louis-sa.com |
| 6 | louistore.ru |
| 7 | louisvuitton24.com |
| 8 | louisvuittonbagmall.com |
| 9 | louisvuittonboutique.vip |
| 10 | louisvuittoncity.com |
| 11 | louisvuittondeal.vip |
| 12 | louisvuittonfemme.com |
| 13 | louisvuittonhk.com |
| 14 | louisvuittonid.com |
| 15 | louisvuitton-id.com |
| 16 | louisvuittonid.shop |
| 17 | louisvuitton-id.shop |
| 18 | louisvuittonmalaysia.shop |
| 19 | louisvuittonmode.com |
| 20 | louisvuittonn.online |
| 21 | louisvuittonn.vip |
| 22 | louisvuitton-ph.com |
| 23 | louisvuittonph.shop |
| 23 | louisvuitton-ph.store |
| 23 | louisvuittons.today |
| 23 | louisvuittonsg.live |
| 23 | louisvuittonsg.world |
| 23 | louisvuittonshop.today |
| 24 | louisvuittonphpp.com |
| 25 | louisvuittonppi.com |
| 26 | louisvuittonpro.com |
| 27 | louisvuittonpurse.net |
| 28 | louisvuittonreplicabags.org |
| 29 | louisvuittons.shop |
| 30 | louisvuitton-sg.com |
| 31 | louisvuitton-sgp.com |
| 32 | louisvuittonshop.live |
| 33 | louisvuittonshopping.live |

| 34 | louisvuittonsolde.com |
|----|----------------------|
| 35 | louisvuittonsuperdiscount.shop |
| 36 | louisvuittonter.com |
| 37 | louisvuittonv.vip |
| 38 | louisvuittonvillage.com |
| 39 | lvecv.com |
| 40 | lvluxurybags.xyz |
| 41 | replicalvsell.com |
| 42 | replicaslouisvuitton.com |
| 43 | luxoii.com |
| 43 | bage.icu |
| 43 | bag-shop.online |
| 43 | bagsshop.icu |
| 43 | batt.shop |
| 43 | bbfl.icu |
| 43 | blvck.icu |
| 43 | finnmilesluxuryhomes.icu |
| 43 | funko.icu |
| 43 | geox.icu |
| 43 | gopro.icu |
| 43 | grih.icu |
| 43 | jabra.icu |
| 43 | jjre.icu |
| 43 | kmart.icu |
| 43 | leasetoownluxuryhomes.icu |
| 43 | lopo.club |
| 43 | louisvuittons-milano.icu |
| 43 | louisvuittonsoutletonline.icu |
| 43 | luxurybag.icu |
| 43 | luxurybrandshop.icu |
| 43 | luxury-shop.xyz |
| 43 | luxury-shops.icu |
| 43 | luxuryskinshop.icu |
| 43 | luxury-style.icu |
| 43 | lv-online-shop.icu |
| 43 | maloneluxurymarketing.icu |
| 43 | martinluxuryhomes.icu |
| 43 | mavi.icu |
| 43 | mcmhi.icu |
| 43 | mmmz.icu |
| 43 | mmxl.icu |
| 43 | myluxury.club |
| 43 | mytheresa.xyz |

Case No. 21-cv-60790-BLOOM/Valle

| 43 | newseasonbag.icu |
|----|------------------|
| 43 | omio.icu |
| 43 | qlly.icu |
| 43 | qlvse.icu |
| 43 | shophandbag.top |
| 43 | shoppingbags.icu |
| 43 | tradesy.top |
| 43 | wkkj.icu |
| 43 | xmasgift.icu |
| 43 | yycx.icu |
| 44 | 2020cokn.com |
| 45 | 2020copy.com |
| 46 | acaxro.com |
| 47 | aeozv.com |
| 48 | ahandbags.com |
| 49 | aik-shop.com |
| 50 | alexcn.shop |
| 51 | alimorluxury.nl |
| 52 | angelbags.info |
| 52 | angelbags.pro |
| 53 | asibags.club |
| 54 | bagreplica.ru |
| 55 | bags-bag.net |
| 56 | bagsho.com |
| 57 | becomebag.com |
| 58 | brand-kingdom.com |
| 59 | brandsindustry.net |
| 60 | brendof-club.com |
| 61 | buildtote.com |
| 62 | byluxuryshopping.com |
| 63 | chinaluxurybag.com |
| 64 | closebags.com |
| 65 | collectbrand.com |
| 66 | copy432.com |
| 67 | copymm666.com |
| 68 | costbags.com |
| 69 | cozaka.com |
| 70 | crisandcoco.co |
| 71 | criticbags.com |
| 72 | cwen333.com |
| 73 | deathtote.com |
| 74 | dependbag.com |
| 75 | desgnrbrands.nl |

Case No. 21-cv-60790-BLOOM/Valle

| 76 | discountretailbag.com |
|---|---|
| 77 | doubtbags.com |
| 78 | dresstote.com |
| 79 | ehinoh.com |
| 80 | ejfsbag.com |
| 81 | ekabags.club |
| 82 | elsebags.com |
| 83 | equaltote.com |
| 84 | exceptbags.com |
| 85 | exclusivekicks.co.uk |
| 86 | famebags.com |
| 87 | fasbags.com |
| 88 | fc888luxury.com |
| 89 | giybags.club |
| 90 | hacopy.com |
| 91 | handbagsonlinesales.com |
| 92 | happenbag.com |
| 93 | hebags.club |
| 94 | honbags.club |
| 95 | hubags.club |
| 96 | humanbags.com |
| 97 | idisad.com |
| 98 | igiwoc.com |
| 99 | ilebags.club |
| 100 | instockbags.com |
| 101 | istanbulbags.com |
| 102 | jwellis.ru |
| 103 | kjvips.com |
| 104 | labags.club |
| 105 | latterbag.com |
| 106 | lawobag.com |
| 106 | periclone.com |
| 107 | leibag.shop |
| 108 | lg4e62.vip |
| 108 | outaubags.com |
| 108 | qg5s63.vip |
| 109 | likelybag.com |
| 110 | likelybags.com |
| 111 | luiscanta.com |
| 112 | luxbag.ru |
| 113 | luxeborse.com |
| 114 | luxehandbageu.com |
| 115 | luxehandbagseu.com |

Case No. 21-cv-60790-BLOOM/Valle

| 116 | lux-jp.com |
|-----|-----------|
| 117 | luxmallac.com |
| 118 | luxurybagsi.com |
| 119 | luxurydrippers.online |
| 120 | luxury-dupes.com |
| 121 | mebbags.club |
| 122 | nasbags.club |
| 123 | ninki-111.com |
| 124 | noticebag.com |
| 125 | ogebags.club |
| 126 | onbags.club |
| 127 | otihop.com |
| 128 | outusbags.com |
| 129 | perfectfakehandbags.com |
| 130 | perfectkits.club |
| 131 | personbag.com |
| 132 | polbags.club |
| 133 | provebags.com |
| 134 | raisebags.com |
| 135 | replicabagselling.com |
| 136 | replicapursesshop.com |
| 137 | replicasbagsale.com |
| 138 | replicasbagshop.com |
| 139 | replybags.com |
| 140 | resbags.club |
| 141 | rwlbag.com |
| 142 | salecabag.com |
| 143 | saobag.com |
| 144 | sulbags.club |
| 145 | tihbags.club |
| 146 | toke333.com |
| 147 | top-qual.net |
| 147 | topqualm.com |
| 147 | xn--5-xz0gou.com |
| 147 | xn--6-xz0gou.com |
| 147 | xn--original-qk40bt8c.com |
| 148 | tracob.online |
| 148 | tracob.ru |
| 149 | tutbags.club |
| 150 | typebags.com |
| 151 | ulebags.club |
| 152 | underbags.com |
| 153 | usalbags.com |

Case No. 21-cv-60790-BLOOM/Valle

| 154 | usaubags.com |
|-----|--------------|
| 154 | usfsbags.com |
| 154 | xmwshjw.com |
| 155 | uscabags.com |
| 156 | usftbags.com |
| 157 | ushotbag.com |
| 158 | vogueaccent.com |
| 159 | voguebrands.net |
| 160 | vsnc333.com |
| 161 | wabagjp.net |
| 162 | wantmybags.com |
| 163 | weekbags.com |
| 164 | yayakopi.net |
| 165 | yourfashionoutlet.us |